(Official Form 1) (1/08)

| United States Bankruptcy Court<br>Eastern District of Virginia | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**White Birch Paper Company** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Compagnie de Papiers White Birch; Papiers White Birch; White Birch Paper** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No. Complete EIN (if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No. Complete EIN. (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1959 Upper Water Street, Suite 800**<br>**Halifax, Nova Scotia, Canada**<br>ZIP CODE B3J 2X2 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Nova Scotia, Canada** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**10 des Capucins, P.O. Box 1487, Quebec, Quebec, Canada** | ZIP CODE G1K 7H9 |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>■ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br><br>**Unlimited Liability Company, Nova Scotia, Canada** | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other<br><br>Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 7    ■ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13<br><br>Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ■ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3 A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:*<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>---<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors*

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets*

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |

Estimated Liabilities*

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ |

* Represents consolidated financial information for [_____] and its affiliated debtors as set forth on Annex "A". This does not constitute a statement or admission as to the assets or liabilities of any of the debtor entities individually.

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**White Birch Paper Company** | |
|---|---|---|
| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br>X _____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

■ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))..

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**White Birch Paper Company** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X _/s/_ _____
Signature of Attorney for Debtor(s)

Printed Name of Attorney for Debtor(s)

| Jonathan L. Hauser | Richard M. Cieri |
| Troutman Sanders LLP | Kirkland & Ellis LLP |
| 222 Central Park Ave., Ste. 2000 | 601 Lexington Ave. |
| Virginia Beach, VA 23462 | New York, NY 10022 |
| (757) 687-7768 | (212) 446-4800 |

Date: __2/24__, 2010

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is correct.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/_ _____
Signature of Authorized Individual

Edward D. Sherrick
Printed Name of Authorized Individual

Senior Vice President and Chief Financial Officer
Title of Authorized Individual

February 23, 2010
Date

Jonathan L. Hauser
VSB No. 18688
TROUTMAN SANDERS LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone:   (757) 687-7768
Facsimile:    (757) 687-1505

Richard M. Cieri (*pro hac vice* pending)
Christopher J. Marcus (*pro hac vice* pending)
Michael A. Cohen (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Foreign Representative*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| WHITE BIRCH PAPER COMPANY, | Case No. 10-(_____) |
| Debtor in a Foreign Proceeding. | |

**EXHIBIT "C" TO VOLUNTARY PETITION**

1. Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor owns and/or possesses real properties consisting of manufacturing facilities and the infrastructure required for its continued business operations. Soil and/or groundwater contamination has been discovered at certain of these properties; however, to the best of the Debtor's knowledge, no such contamination poses (or is alleged to pose) any threat of imminent and identifiable harm to public health or safety. In addition, certain properties of the Debtor use hazardous materials and have wastewater treatment facilities, chemical storage areas, and/or hazardous waste management areas. To the best of the Debtor's knowledge, none of these sites pose (or are alleged to pose) a threat of imminent and identifiable harm to the public health or safety, but the Debtor mentions them here out of an abundance of caution.

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- None.

MINUTES OF A SIMULTANEOUS MEETING OF THE BOARDS OF DIRECTORS OF WHITE BIRCH PAPER HOLDING COMPANY, WHITE BIRCH PAPER COMPANY, STADACONA GENERAL PARTNER INC., F.F. SOUCY GENERAL PARTNER INC. AND 3120772 NOVA SCOTIA COMPANY (the "**Entities**"), held in Greenwich, Connecticut on the 29th day of September, 2009 at 10:30 Eastern time (the "**Meeting**").

The directors of White Birch Paper Company were acting on behalf of White Birch Paper Company for itself, as a general partner of Stadacona L.P., F.F. Soucy L.P. and F.F. Soucy, Inc. & Partners, Limited Partnership, (the "**Partnerships**") and as sole member of Bear Island Paper Company, LLC ("**Bear Island**").

PRESENT : Christopher M. Brant, Chairman;
Edward D. Sherrick, Secretary; and
Peter M Brant.

BY INVITATION: Jay Epstein.

1. QUORUM

Notice having been waived by the directors and a quorum being present, the meeting was declared duly constituted for the transaction of business.

2. APPROVAL OF THE AGENDA

The sole items on the agenda were the actions related to negotiation with lenders to the White Birch group of entities, and possible filings under the CCAA, the Bankruptcy Code and Foreign Legislation.

On motion duly made and unanimously approved, it was

RESOLVED:

THAT the agenda of the Meeting be, and the same is hereby approved.

3. POSSIBLE FILINGS UNDER THE CCAA, THE BANKRUPTCY CODE AND FOREIGN LEGISLATION

WHEREAS White Birch Paper Holding Company, White Birch Paper Company, Credit Suisse, Cayman Islands Branch and Credit Suisse, Toronto Branch are parties to a Second

Amended and Restated First Lien Term Loan Credit Agreement, as last amended and restated as of May 8, 2007;

AND WHEREAS White Birch Paper Holding Company, White Birch Paper Company, Credit Suisse Securities (USA) LLC, Credit Suisse, Cayman Islands Branch, Credit Suisse, Toronto Branch and Merrill Lynch, Pierce, Fenner & Smith Incorporated are parties to a Second Amended and Restated Second Lien Term Loan Credit Agreement as last amended and restated as of May 8, 2007;

AND WHEREAS White Birch Paper Holding Company, White Birch Paper Company, Stadacona L.P., F.F. Soucy L.P., Papier Masson Ltée, Bear Island, General Electric Capital Corporation and GE Canada Finance Holding Company are parties to a Second Amended and Restated Revolving Credit Agreement dated as of February 26, 2008;

AND WHEREAS White Birch Paper Company and Merrill Lynch Capital Services Inc. are parties to a 1992 ISDA Master Agreement (Multicurrency -Cross Border) dated as of May 8, 2007;

AND WHEREAS White Birch Paper Company and Credit Suisse First Boston International are parties to an ISDA Master Agreement dated as of April 13, 2005;

AND WHEREAS White Birch Paper Company and The Toronto-Dominion Bank are parties to an ISDA 2002 Master Agreement dated as of May 16, 2005;

(collectively, the "**Credit Agreements**");

AND WHEREAS it is desirable and in the best interest of the Entities, the Partnerships and Bear Island (collectively, "**WB Group**") and the respective stakeholders thereof that WB Group enter into negotiations with lenders and creditors under some or all of the Credit Agreements and, if necessary, execute forbearance agreements, waivers, fee letters and related instruments (collectively, the "**Forbearance and Related Agreements**");

AND WHEREAS it is desirable and in the best interests of WB Group and their respective stakeholders that the Entities and Bear Island be prepared, if the situation reasonably requires, to make an application ("**Application**") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") to the Quebec Superior Court of Justice (Commercial Division) (the "**Superior Court**"), with Stadacona L.P., F.F. Soucy L.P. and F.F. Soucy Inc. & Partners, Limited Partnership (the "**Partnerships**") as mises-en-cause;

AND WHEREAS it is desirable and in the best interests of WB Group and the respective stakeholders thereof that the Entities, Bear Island and the Partnerships be prepared, if the situation reasonably requires, to file voluntary petitions (collectively, the "**Petition**") under the provisions of chapters 11 and 15 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**");

AND WHEREAS it is desirable and in the best interests of WB Group and the respective stakeholders thereof that the Entities, Bear Island and the Partnerships be prepared, if the

situation reasonably requires, to undertake applications, petitions or similar proceedings ("**Foreign Proceedings**") pursuant to any other legislation of a similar nature or with similar objectives in jurisdictions outside Canada and the United States ("**Foreign Legislation**");

IT IS THEREFORE RESOLVED:

THAT the Entities, Bear Island and White Birch Paper Company in its capacity as a general partner of the Partnerships be, and they hereby are authorized and empowered to: (i) enter into negotiations and discussions with creditors and lenders of WB Group or any part thereof pursuant to the Credit Agreements and associated guarantees, security agreements, hypothecs, security under the *Bank Act*, debentures, debenture pledges, credit notes, blocked account agreements and other agreements or instruments relating to collateral pursuant to the Credit Agreements (the "**Collateral Agreements**"); and (ii) enter into the Forbearance and Related Agreements and any other agreements, discussions, compromises, understandings, applications, documents, instruments, deeds or any other writings relating to the rights of creditors or lenders pursuant to the Credit Agreements or the Collateral Agreements or the execution of such rights, as may be reasonably required under the circumstances;

THAT the Entities be, and they hereby are authorized and empowered to make an Application and a Petition and, as applicable, to undertake Foreign Proceedings, if the situation reasonably requires;

THAT Bear Island be, and it hereby is, authorized and empowered by its sole member, White Birch Paper Company, to make a Petition and, as applicable, undertake Foreign Proceedings, if the situation reasonably requires;

THAT White Birch Paper Company, in its capacity as a general partner of each of the Partnerships be, and it hereby is, authorized and empowered to have the Partnerships join an Application as mises-en-cause, make or otherwise participate in a Petition and, as applicable, undertake or participate in Foreign Proceedings, if the situation reasonably requires;

THAT the term "**Authorized Signatories**" referenced in these resolutions shall mean any director or officer of any of the Entities and Bear Island, as applicable, acting alone;

THAT the Authorized Signatories be and each of them, acting alone, hereby is authorized and empowered, on behalf of and in the name of the Entities, Bear Island and White Birch Paper Company in its capacity as a general partner of each of the Partnerships: (i) to cause an Application to be made to the Superior Court, if the situation reasonably requires, and to make or cause to be made prior to the execution thereof any modifications to such Application or ancillary documents as are reasonable, advisable, expedient, convenient, proper or necessary, (ii) to cause a Petition to be made to the Bankruptcy Court, if the situation reasonably requires, and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents as are reasonable, advisable, expedient, convenient, proper or necessary, (iii) to cause Foreign Proceedings to be made, if the situation reasonably requires, and to make or cause to be made prior to the execution thereof any modifications to such ancillary documents as are reasonable, advisable, expedient, convenient, proper or necessary, (iv) to swear affidavits in support of the Application, Petition and Foreign Proceedings and any motions therein, with such amendments and variations, if any, as the person swearing the

#10476665 v5

affidavit may approve, and (v) to execute and file or cause to be filed all notices, pleadings, exhibits, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing;

THAT the law firms of Stikeman Elliott LLP and Kirkland & Ellis LLP be, and hereby are authorized, empowered and directed to represent WB Group as its counsel in connection with any Application filed by WB Group or any part thereof under the CCAA, Petition under the Bankruptcy Code and all related matters;

THAT the Authorized Signatories be and each of them, acting alone, hereby is authorized and empowered, on behalf of and in the name of the Entities, Bear Island, and White Birch Paper Company in its capacity as a general partner of each of the Partnerships, to employ other special counsel, financial advisors, investment bankers, accountants, a monitor and other professionals as appropriate in connection with any case commenced by WB Group or any part thereof under the CCAA, the Bankruptcy Code or Foreign Legislation;

THAT the Authorized Signatories be, and each of them acting alone hereby is authorized and empowered from time to time in the name and on behalf of the Entities, Bear Island and White Birch Paper Company in its capacity as general partner of the Partnerships, to: (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such Authorized Signatory may deem reasonable, advisable, expedient, convenient, proper, necessary or appropriate to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, forbearances, waivers and the like, and (ii) perform the obligations of WB Group or any part thereof under the CCAA, the Bankruptcy Code and Foreign Legislation, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Signatory performing or executing the same shall approve, and the performance or execution thereof by such Authorized Signatory shall be conclusive evidence of the approval thereof by such Authorized Signatory and by the Entities, Bear Island and White Birch Paper Company, in its capacity as a general partner of the Partnerships;

THAT in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of them acting alone hereby is authorized and empowered, in the name and on behalf of the Entities, Bear Island and White Birch Paper Company, in its capacity as a general partner of the Partnerships, to do or cause to be done all such further acts and things, including the payment of all fees and expenses and other amounts payable by WB Group or any part thereof with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as they or any of them may consider reasonable, advisable, expedient, convenient, proper, necessary or appropriate to enable WB Group to carry out the intent and to accomplish the purpose of the foregoing resolutions;

THAT the execution by any Authorized Signatory of any document or the doing by any Authorized Signatory of any act as he may deem necessary, advisable, or proper to effectuate the intent and purpose of the foregoing resolutions shall conclusively establish his authority on behalf of the Entities, Bear Island and White Birch Paper Company, in its capacity as a general partner of the Partnerships and the approval and ratification thereof of the documents so executed and the actions so taken; and

4

THAT all actions heretofore taken by any Authorized Signatory in connection with the foregoing resolutions be, and they hereby are confirmed, ratified and approved in all respects.

#10476665 v5

4. **ADJOURNMENT**

   There being no further business, the Chairman declared the meeting closed.

   _____
   Christopher M. Brant
   Chairman

   _____
   Edward D. Sherrick
   Secretary